IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LYNNSEY D. SMITH                                            PLAINTIFF

vs.                            Civil No. 2:10-cv-02092

MICHAEL J. ASTRUE                                          DEFENDANT
Commissioner, Social Security Administration


## MEMORANDUM OPINION

Lynnsey D. Smith ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her applications for

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and

XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any

and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment,

and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1. Background:

Plaintiff filed disability applications on April 11, 2008.  (Tr. 98-107).  In her applications,

Plaintiff alleged she was disabled due to seizures.  (Tr. 122).  At the administrative hearing on April

23, 2009, Plaintiff also alleged she was disabled due to bipolar disorder.  (Tr. 18-19).  Plaintiff alleged

an onset date of March 27, 2008.  (Tr. 98, 105).  These applications were denied initially and again

---

[1] The docket numbers for this case are referenced by the designation "ECF No. _____"  The transcript pages
for this case are referenced by the designation "Tr."

1

upon reconsideration.  (Tr. 39-42).

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted.  (Tr. 81-85).  An administrative hearing was held on April 23, 2009 in Fort Smith, Arkansas.  (Tr. 7-34).  Plaintiff was present and was represented by counsel, Lawrence Fitting, at this hearing.  *Id.*  Plaintiff and Vocational Expert ("VE") Jim Spragins testified at this hearing.  *Id.*  On the date of this hearing, Plaintiff was twenty-five (25) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had completed high school.  (Tr. 11).

On September 21, 2009, the ALJ entered an unfavorable decision denying Plaintiff's disability applications.  (Tr. 46-53).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2011.  (Tr. 48, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her alleged onset date of March 27, 2008.  (Tr. 48, Finding 2).  The ALJ determined Plaintiff had the following severe impairment: seizure disorder.  (Tr. 48-49, Finding 3).  The ALJ also determined none of Plaintiff's impairments, singularly or in combination, met the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 49, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 49-53, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined, based upon her review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant cannot perform production rate work, normal seizure precautions are required, and the claimant must be restricted

from exposure to unprotected heights or untended machinery.

(Tr. 49, Finding 5).

The ALJ evaluated Plaintiff's PRW ("PRW"), and the VE testified at the administrative hearing regarding this issue.  (Tr. 53, Finding 6).  Based upon that testimony, the ALJ determined Plaintiff's PRW included work as a Certified Nurses' Assistant ("CNA"), Cashier, and Cook.  *Id.* The VE also testified that, considering her background, education, work history, and RFC, Plaintiff would be able to perform this PRW.  *Id.*  In accordance with that testimony, the ALJ determined Plaintiff could perform her PRW and determined Plaintiff had not been under a disability, as defined by the Act, from March 27, 2008 through the date of her decision or through September 21, 2009. (Tr. 53, Finding 7).

Thereafter, on September 28, 2009, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision.  (Tr. 2-4).  *See* 20 C.F.R. § 404.968.  Although the decision by the Appeals Council is not included in the record, it appears the Appeals Council declined to review this unfavorable decision on March 21, 2010.[2]  On June 30, 2010, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on July 15, 2010.  ECF No. 5.  Both Parties have filed appeal briefs.  ECF Nos. 11-12.  This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than

---

[2] Based upon the briefing of the Parties, it does not appear that this issue–whether the Appeals Council properly considered this request for review– is in dispute.

3

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the

4

claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion:</u>**

Plaintiff raised the following five points for appeal: (A) the ALJ erred in her Step Four Analysis; (B) the ALJ erred in her credibility determination; (C) the ALJ erred in developing the record; (D) the ALJ erred in her RFC determination; and (E) the ALJ erred in evaluating whether Plaintiff met the requirements of the seizure listing. ECF No. 11. Plaintiff argues that, because of this error, her case must be reversed and remanded to the SSA. *Id.* In response, Defendant argues that the ALJ's disability determination is supported by substantial evidence in the record, and Plaintiff's claims offer no basis for reversal. ECF No. 12.

**A.     Step Four Analysis**

Plaintiff argues "[t]he record is very confusing and inconsistent as it relates to Step 4 analysis." ECF No. 11 at 6- 10. Specifically, Plaintiff raises two arguments with regard to the ALJ's Step Four determination: (1) whether the ALJ erred by finding she could perform two of her past jobs that were performed at the medium level and (2) whether the ALJ erred by not evaluating her mental impairments in determining she could perform her PRW. *Id.*

5

First, Plaintiff argues the ALJ improperly determined she could perform two of her past jobs. Plaintiff argues she is unable to perform these two jobs because she is limited to performing only light work. In evaluating Plaintiff's PRW, the ALJ determined Plaintiff retained the ability to perform her PRW as a CNA (medium, semiskilled), Cashier (light, semiskilled), and Cook (medium, skilled). (Tr. 53, Finding 6). In evaluating her RFC, however, the ALJ found Plaintiff only retained the ability to perform light work. (Tr. 49, Finding 5). Thus, Plaintiff is correct that the ALJ improperly found she retained the RFC to work as a CNA and as a Cook because both of these jobs are performed at the medium level. The ALJ, however, also found she retained the RFC to perform her PRW as a Cashier, which is performed at the light level. Thus, the ALJ's Step Four determination is supported by this finding, and any error on this issue is harmless error.

Second, Plaintiff argues the ALJ erred by failing to evaluate the impact her alleged mental impairment–bipolar disorder–had on her ability to perform her PRW. Specifically, Plaintiff claims the ALJ is required "to make specific findings of fact regarding the mental demands of a claimant's past work." ECF No. 11 at 8. In evaluating Plaintiff's limitations to determine whether a claimant can perform his or her PRW, however, the ALJ is only required to include those limitations found credible. *See Gragg v. Astrue,* 615 F.3d 932, 940 (8th Cir. 2010). As further outlined below, since Plaintiff did not meet her burden of establishing her bipolar disorder was even a severe impairment, the ALJ was not required to evaluate that impairment in determining whether she could perform her PRW. *Id.*

### B.    Credibility Determination

Plaintiff claims the ALJ erred in evaluating her subjective complaints. Plaintiff argues that she alleged both grand mal seizures and mild or "partial" seizures and that the ALJ improperly

discounted her subjective complaints regarding her "partial" seizures.  Plaintiff also alleges the ALJ

erred by finding her subjective complaints regarding her bipolar disorder were not credible.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five

factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20

C.F.R. § 416.929.[3]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as

follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3)

the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication;

and (5) the functional restrictions.  *See Polaski,* 739 at 1322.  The factors must be analyzed and

considered in light of the claimant's subjective complaints of pain.  *See id.*

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges

and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v.*

*Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors

and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely

credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471

F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints

"solely because the objective medical evidence does not fully support them [the subjective

complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility

determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies,

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In her opinion, the ALJ recited she had complied with the requirements of 20 CFR 404.1529 and 416.929.  (Tr. 49).  Even though the ALJ mentioned these provisions, and did not recite *Polaski*, such an omission does not require reversal.  *See Schultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007) (holding that "[a]lthough the ALJ never expressly cited *Polaski* (which is our preferred practice), the ALJ cited and conducted an analysis pursuant to 20 C.F.R. §§ 404.1529 and 416.929, which largely mirror the *Polaski* factors").

Further, the ALJ made the following findings which support her credibility determination: (1) Plaintiff had few documented seizures; (2) Plaintiff's treatment was inconsistent and Plaintiff was non-compliant with medical treatment; (3) Plaintiff had not received treatment for bipolar disorder; and (4) Plaintiff was able to care for her children and maintain her household despite her alleged limitations.  (Tr. 52).  Thus, because her credibility findings are supported by "good reasons," they should be affirmed.  *See Schultz,* 479 F.3d at 983 (holding "we will defer to an ALJ's credibility finding as long as the 'ALJ explicitly discredits a claimant's testimony  and gives a good reason for doing so'") (internal citation omitted).

### C.    Development of the Record

Plaintiff claims the ALJ erred by failing to develop the record on her alleged mental impairment of bipolar disorder.  ECF No. 11 at 12-14.  Plaintiff claims she did not receive treatment for her bipolar disorder, and the record is not fully developed on this issue because she "simply does

8

not have the money to be going for treatment at various facilities." *Id.* at 13. Plaintiff claims that because she did not have the money to seek this treatment, the ALJ should have sought the treatment for her: "[g]iven the testimony and lack of resources it would appear incumbent upon the ALJ to at least inquire by way of a CE as to mental limitations and severity of the same." *Id.*

The ALJ has a duty to fully and fairly develop the record. *See Snead v. Barnhart,* 360 F.3d 834, 836 (8th Cir. 2004). The ALJ is not required to go to great lengths to develop the claimant's case, but the ALJ must make an investigation that is not wholly inadequate under the circumstances. *See Battles v. Shalala,* 36 F.3d 43, 44-45 (8th Cir. 1994) (internal quotation marks and citation omitted). In the present action, there is no dispute that Plaintiff did not seek consistent treatment for her bipolar disorder. Such a failure to seek treatment for an alleged disability indicates Plaintiff's impairment was not a severe as she alleges. *See Shannon v. Chater,* 54 F.3d 484, 487 (8th Cir. 1995) (holding "[g]iven his alleged pain, Shannon's failure to seek medical treatment may be inconsistent with a finding of disability") (internal citation omitted).

Plaintiff argues that she did not seek treatment because she could not afford it. ECF No. 11 at 12-14. She argues that, because she could not afford the treatment, the ALJ had the duty to order the treatment for her or at least have a consultative examination performed to evaluate her bipolar disorder. *Id.* However, while the claimant's failure to obtain medical treatment may be excused due a lack of funds, that claimant is required to do more than simply allege he or she could not afford the treatment. *See Murphy v. Sullivan,* 953 F.2d 383, 386-87 (8th Cir. 1992). Indeed, the claimant is required to demonstrate that he or she at least sought medical treatment for an alleged disability and was denied treatment due to a lack of funds. *Id.* Here, Plaintiff has made no such demonstration. Thus, based upon the record before her, the ALJ did not err by not further developing the record.

### D.    RFC Determination

Plaintiff argues the ALJ erred by failing to properly evaluate her seizures when assessing her RFC.  ECF No. 11 at 14-16.  Specifically, she claims the ALJ failed to consider the fact she would need to take unscheduled breaks due to her seizure disorder.  *Id.*  Plaintiff also argues that the ALJ stated she needed "normal seizure precautions" but did not state what those precautions were.  *Id.*

Plaintiff has the burden of establishing her RFC, including the burden of establishing how her seizures impact her ability to work.  *See Geoff v. Barnhart,* 421 F.3d 785, 793 (8th Cir. 2005) (holding "[t]he RFC is used at both step four and five of the evaluation process, but it is determined at step four, where the burden of proof rests with the claimant") (internal quotations and citation omitted).  In the present action, Plaintiff has not met this burden.  Indeed, Plaintiff's seizures appear to be controlled with medication as Plaintiff testified at the administrative hearing that April 23, 2009 that her seizures were treated well with Lamictal.[4]  (Tr. 24).  Further, as the ALJ noted in her opinion, Plaintiff's most recent electroencephalogram (EEG) was performed on May 28, 2003 and showed normal results.  (Tr. 51-52, 301).  Thus, Plaintiff did not meet her burden of establishing she would need to take unscheduled breaks due to her seizure disorder.

Plaintiff also alleges the ALJ failed to define for the VE what "normal seizure precautions" were.  ECF No. 11 at 14-16.  However, at the April 23, 2009 hearing, the ALJ provided the VE with a  hypothetical question wherein she stated that the individual was capable of the full range of light work with "normal seizure precautions *including no exposure to heights, no exposure to untended moving machinery, and no production range work*."  (Tr. 32) (emphasis added).  Thus, the ALJ did define for the VE what the intended "normal seizure precautions" were.

---

[4] She testified she had to stop taking Lamictal and had to switch to Depakote because she could no longer afford Lamictal.  (Tr. 24).

E.      **Seizure Listing**

Plaintiff claims she meets the requirements for seizure listing 11.03.[5]  ECF No. 11 at 16-

17.  Listing 11.03 requires a demonstration of the following:

> 11.03 Epilepsy – nonconvulsive epilepsy (petit mal, psychomotor, or focal), *documented by detailed description of a typical seizure pattern* including all associated phenomena, occurring more frequently than once weekly in spite of at least 3 months of prescribed treatment.  With alteration of awareness or loss of consciousness and transient postictal manifestations of unconventional behavior or significant interference with activity during the day.

(emphasis added).  In this case, for purposes of documentation, Plaintiff has presented her seizure

journal entries.  (Tr. 566-584).  It appears these entries date from March 27, 2008 through April 12,

2009.  *Id.*

While Plaintiff was able to document some of her symptoms in these journal entries, they still

do not provide the level of detail required to establish she meets the requirements of this listing.   For

instance, Plaintiff's entry on May 31, 2008 was the following: "(small seizure) . . . got really dizzy

when I got up out of the chair and had to sit back down." (Tr. 567).  Also, June 1, 2008 on the same

page was as follows: "(small seizure) . . . Matt said that I zoned out while watching TV again.  He

was asking me a question and I didn't answer.  I also decided to stop driving." *Id.*  These

representative entries simply do not provide a sufficient "detailed description of a typical seizure

pattern" to meet this listing.  Further, as indicated above, there is a serious question as to whether

Plaintiff's "3 months of prescribed treatment" of Lamictal would control these symptoms.  Thus, this

Court finds the ALJ's determination that Plaintiff's impairments did not meet the requirements of any

of the listings, including Listing 11.03, is supported by substantial evidence in the record.

---

[5] Plaintiff claims in her briefing that she meets the requirements of seizure listing 1.03.  ECF No. 11 at 16-17.  However, the seizure listings are actually stated under 11.02 and 11.03.  Thus, this Court presumes Plaintiff intended to reference these seizure listings.

**4. <u>Conclusion</u>:**

  Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

  **ENTERED this 16th day of May, 2011.**

/s/ Barry A. Bryant   
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE
